FILED
NOV 10 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VALENCIA K MATTHEWS,
Petitioner,

4:09-CR-40069-007-GPM

v.                                    CASE NO. 4:09-cr-0069-7-GPM

THE UNITED STATES OF AMERICA,
Respondent.

---

### PETITION FOR REVIEW OF SENTENCE PURSUANT TO 18 USC §3742

---

COMES NOW, Valencia K Matthews, Petitioner, Pro Se to request this Court for a Review of her sentence pursuant to 18 U.S.C. §3742 that authorizes a review in certain circumstances wherein a sentence was imposed "in violation of the law" or because of miscalculation of Criminal History Points or Enhancements which led to the impostion of a sentence that went beyond the statutory maximum resulting in violations of Petitioner's Fifth and Sixth Amendment's right of due process and the Fourteenth Amendment's guarantee of equal protection of the laws. See <u>Gruter v. Bolinger</u>, 539 US 306, 156 L Ed 2d 304, 123 S Ct 325 (2003) and <u>Crawford v. Washington</u>, 541 US 36, 158 L Ed 2d 177, 124 S Ct 1354 (2004).

Changes in the law, amendments to the Sentencing Guidelines and subsequent case law that litigated the enhanced sentences under ¶4A1.2(c) of the United States Sentencing Guidelines. <u>Wofford v. Scott</u>, 177 F 3d 1236 (11th Cir. 1999) has stipulated three requirements regarding review: (1) a claim based on retro-

actively applicable decision; (2) holding that a Supreme Court decision establishes the defendant was convicted for a "non-exsitent offense" and (3) Circuit Law squarely foreclosed on such a claim at a time it otherwise should have been raised... at defendant's trial, sentencing or first §2255 motion. The Supreme Court's ruling in Begay v. United States, 553 US 137, 83 CrL 629 (11th Cir. 2008) restricted the types of prior convictions that will trigger sentence enhancements. Begay also constituted a "new rule" for purposes of retroactivity principles established in Teague v. Lane, 489 US 288 (1989) which were not to be applied unless it is a "watershed rule" of criminal justice. In Apprendi v. New Jersey, 530 US 466, 67 CrL 459 (2001) the court ruled that a defendant who is convicted, then has the §4B1.1 Career Offender enhancement or any other enhancement of the guidelines applied to the calculation of their sentence has not been convicted of being guilty of the enhancement. If enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt. Apprendi requires that facts which increases the defendant's sentence above the statutory maximum must both be charged in the indictment and submitted to the jury. See United States v. Westmoreland, 240 F 3d 618, 632 (7th Cir. 2001).

## HISTORY OF THE CASE

Petitioner Matthews is currently incarcerated at FCI-Waseca serving a 240 month term of imprisonment for a violation of 21 U.S.C. §841(b)(1)(A) Conspiracy to Distribute a Controlled Substance. She signed a plea agreement for which she was given a 240 month sentence because of miscalculation of Criminal

History Points and inapplicable enhancements rendering the sentence imposed "in violation of the law," and her Constitutional rights. See attached Exhibit for a Listing of Criminal History Point Informations and resulting inapplicable enhancements.

## ARGUMENT

The Supreme Court decision in Begay established that defendant was convicted for a "non-existent offense" based on the miscalculations of Criminal History. See also United States v. Archer, 531 F 3d 1317, 83 CrL 629 (11th Cir. 2008) and Gilbert v. United States, No. 09-12513, 609 F 3d 1159, 87 CrL (11th Cir. 5/19/2011) which challenge the United States Sentencing Guidelines (USSG) as a Career Offender with the use of misapplied enhancements. This system treats enhancements as convictions violates due process. For federal sentencing purposes, the act of being a Career Offender is essentially a separate offence, with separate elements, which must be proved, for which separate and additional punishment is provided. "A defendant who is convicted, then has the §4B1.1 Career Offender enhancement or any other guideline enhancement applied in the calculation of their sentence has NOT been convicted of being guilty of the enhancement...Gilbert's position turns on treating enhancements as convictions." An obvious due process violation.

In Narvaez v. United States, No. 09-2919 (7th Cir. 6/8/2011) the Court found that a federal prisoner is entitiled to relief on a claim he was sentenced as a career offender on the basis of an ineligible predicate offenses, even though his sentence fell within the applicable statutory range based on an ineligible enhancement. The bottom line is that defendant was "sentenced

-3-

based on the equivalent of a non-esistant offense." This error clearly constitutes a miscarriage of justice. A procedural error occurs when a district court "calculates the guidelines incorrectly. See <u>Gall v. United States</u>, 552 US 38, 82 CrL 275 (2007).

Recent amendments to the Guidelines restructured the application of §4A1.1 in regard to prior sentences as a result of crimes of violence and serious drug offenses. Excluded are any sentences imposed over ten (10) years prior to the defendant's instant offense per §4A1.2(e). Misdemeanors and local ordinances are not to be counted as it involves conduct not serious enough to warrant increased punishment. Also, to qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on a sentence, see §4A1.2(a)(3) and any sentences imposed in the alternative, those which specify a fine or other non-imprisonment are not counted as are those sentences which have been vacated or reversed.

Futhermore, in <u>Henderson v. United States</u>, 613 F 3d 1177 (8th Cir.) enhancements for felony drug convictions require those priors to be federal convictions. The determination of what constitutes a prior felony drug conviction for purposes of enhanced sentencing for a drug offense under 21 U.S.C. §841 is a matter of federal as opposed to state convictions. In <u>United States v. Medley</u>, 313 F 3d 745 (2002) US App LEXIS 26349, the court ruled "his prior sentence was under state law, not federal law, thus, court reviews factual findings for error and compliance with the USSG manual." <u>United States v. Freeman Johnson</u>, 505 F 2d 305 (1974) US App LEXIS 5891, ruled that a defendant who was convicted of drug distribution was erroneously

-4-

sentenced under double jeopardy provisions based on his prior state convictions because the double jeopardy penalty applied only to federal drug convictions and was highly improper.

4B1.1 Career Offender guideline expressly provides that instant and prior offenses must be "crimes of violence" or "serious drug offenses" of which the defendant was convicted; these offenses must carry a ten (10) year term of imprisonment. In McNeill v. United States, No. 10-5258 (4th Cir. 4/27/2011) the Court ruled the requirement was at least three previous convictions for serious drug offenses or violent felonies with a maximum term of ten (10) years prescribed by law. Additionally, United States v. Henton, 374 F 3d 467 (7th Cir. 2004) held that to qualify as a serious drug offense under 18 U.S.C. §924(e), Armed Career Criminal Act (ACCA), a conviction under state law for a drug crime must expose the defendant to 10 or more years' imprisonment. In this case, a minor marijuana possession charge that garnered a sentence of probation certainly does not qualify as a "serious drug offense." See Sykes v. United States, No. 09-1311, 6/9/2011 which held that a defendant has to have three previous violent felony or serious drug offenses if punishment is increased to a maximum of 15 years per §924(e). The Court ruled in Redd v. United States, No. 10-5106 that the law requires more than a line in a PSR to prove prior offense. As has been established, the PSR is not to be used as evidence in a case.

## CONCLUSION

Therefore, with regard to the applicable case law as well as the appropriate USSG manual applications, Petitioner is

requesting this Court review her sentence for error as her Constitutional rights have been abused in the sentnce that was handed down based on the enhancement of prior state convictions that were inappropriately counted to impose an unlawful and illegal sentence. 18 U.S.C. §3742 allows for review of a sentence that was imposed "in violation of the law" or as a result of improper application of the sentencing guidelines.

In addition, this Petitioner is also eligible for a retroactive application of the Fair Sentencing Act based on the amount of cocaine base/crack in which she was charged and convicted. The indictment states, "less than 5 grams," while she has admitted to at least 50 grams, not the amounts the prosecution attempted to dump on her that were the responsibility of her co-defendant. That would be like making her pay child support for another woman's baby, which is what this sentence amounts to, as she was given extra time for the misdeeds of other people. The government has established that the Petitioner had a substance abuse problem and that she was used and coerced by her boyfriend to deliver "packages" to his customers. It is blantently obvious that he kept her intoxicated to keep her compliant to his needs and the government, instead of getting her the drug abuse treatment she really needs to get her life in order, instead chose to take her life away from ever being anything meaningful or useful to society by sentencing her to a 20 year term of imprisonment, where Rehabilitation means earning a GED and completing a mandated drug class or two. None of which will guarantee her any decent job or career when she she released in 20 years, nor will she have earned any social security benefits as B.O.P. does not pay into the system when paying inmates 12 cents per hour.

Therefore, as Petitioner was found to have less than 50 grams of cocaine base, she would be considered a level 26 and when she was given a 3 level reduction for Acceptance of Responsibility, she would then be a level 23 or 51-63 months. Her state charges for DUI which earned her 3 Criminal History Points do not suffice for imposing upon her a "Career Criminal" as she is then convicted of a Non-existant offense. This information should have been charged in the original indictment, it was not, resulting in improper procedure by the government, which requires that this sentence be corrected, at the very least.

For the reasons stated in this petition, Petitioner Matthews is requesting that this court honor its committment towards justice and resentence her in accordance with the newly applicable laws, the now retroactive Fair Sentencing Act and the amended guidelines.
Thank You.

Respectfully submitted,

*Valencia K Matthews*
Valencia K Matthews
#08241-025

Federal Correctional Institution
P.O. Box 1731
Waseca, Minnesota  56093

## CERTIFICATE OF SERVICE

I hereby certify, under penalty that this Petition for Review of sentence was placed in the inmate's "legal mail" system with the proper postage affixed to be sent by the United States Postal Service to be served on the Clerk of Court for the District Court.
Dated this __4__ day of __November__ 2011.

**PLEASE RETURN A COPY OF THIS PETITION STAMPED "FILED" IN THE SELF-ADDRESSED STAMPED ENVELOPE PROVIDED FOR THAT PURPOSE. THANK YOU.**

<u>EXHIBIT</u>

<u>A LISTING OF CRIMINAL HISTORY POINT INFORMATIONS/ENHANCEMENTS</u>

1. Charge __DUI__
   a. Arrest date __11/02/2006__
   b. Sentence date __11/29/2006 - Plead Guilty__
   c. Sentence __1 year suspension of drivers liscense__
   d. Points received __1 point per 4A1.1(c) (not a serious drug offense or violent crime)__

2. Charge __Possession of Cocaine__
   a. Arrest date __2/29/2008__
   b. Sentence date __3/19/2009 - Plead Guilty - 6/12/2009 Sentenced__
   c. Sentence __3 years Probation/ 500.00 fine__
   d. Points received __1 point 4A1.1(c) (not a serious drug offense or a violent crime)__

3. Charge __DUI        08-Dt-48__
   a. Arrest date
   b. Sentence date
   c. Sentence __dismissed 7/15/2010__
   d. Points received

4. Charge __Operating Uninsured Vehicle 08-Tr-11411__
   a. Arrest date
   b. Sentence date
   c. Sentence __Dismissed 7/10/2010__
   d. Points received

5. Charge __DUI 08-Dt-276__
   a. Arrest date
   b. Sentence date
   c. Sentence __Dismissed 7/15/2010__
   d.

New Sentencing Range at Level 23/51-63 months****

My total Criminal History Points were __3__ points which were assessed as a Category __II__. The Sentencing Range was __29/78-97 months__ months. The Judge imposed a sentence of __240__ months. Petitioner is requesting considereation of this petition's argument to adjust her sentence in accordance with recent Amendments to the Guidelines and applicable case law. Thank You.